UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL MASON,                          Civil Action No.: 18-13050
                                       Honorable Marianne O. Battani
                    Plaintiff,         Magistrate Judge Elizabeth A. Stafford

v.

COMMISSIONER OF
SOCIAL SECURITY,

                    Defendant.

_____/

## REPORT AND RECOMMENDATION ON CROSS-MOTIONS FOR SUMMARY JUDGMENT [ECF NOS. 13, 15]

Plaintiff Daniel Mason appeals a final decision of defendant Commissioner of Social Security (Commissioner) denying his applications for disability insurance benefits (DIB) and supplemental social security income benefits (SSI) under the Social Security Act. Both parties have filed summary judgment motions, referred to this Court for a report and recommendation under 28 U.S.C. § 636(b)(1)(B). After review of the record, the Court **RECOMMENDS** that:

- Mason's amended motion [ECF No. 13] be **DENIED**;

- the Commissioner's motion [ECF No. 15] be **GRANTED**; and

- the Commissioner's decision be **AFFIRMED** under sentence four

of 42 U.S.C. § 405(g).

## I.    BACKGROUND

### A.    Mason's Background and Disability Applications

Born August 20, 1971, Mason was 44 years old when he applied for DIB and SSI (in April and May 2016, respectively).  [ECF No. 7-5, PageID.152, 182].  He has a high school education (GED), and past relevant work experience as a roofer.  [ECF No. 7-2, PageID.42; ECF No. 7-6, PageID.217].  Mason alleges a disability onset date of September 30, 2015, and that he is disabled because of slipped discs, arthritis, gout, blood pressure and left knee injuries.  [ECF No. 7-3, PageID.93].

After the Commissioner denied both disability applications initially, Mason requested a hearing, which took place in December 2017, and during which he and a vocational expert (VE) testified.  [ECF No. 7-2, PageID.53-90].  In an April 2018 written decision, the ALJ found Mason to be not disabled.  [*Id.*, PageID.35-47].  The Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner, and Mason timely filed for judicial review.  [*Id.*, PageID.24-26; ECF No. 1].

### B.    The ALJ's Application of the Disability Framework Analysis

A "disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental

2

impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The Commissioner determines whether an applicant is disabled by analyzing five sequential steps.  First, if the applicant is "doing substantial gainful activity," he or she will be found not disabled.  20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).[1]  Second, if the claimant has not had a severe impairment or a combination of such impairments[2] for a continuous period of at least 12 months, no disability will be found.  *Id.*  Third, if the claimant's severe impairments meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, the claimant will be found disabled.  *Id.*  If the fourth step is reached, the Commissioner considers its assessment of the claimant's residual functional capacity and will find the claimant not disabled if he or she can still do past relevant work.  *Id.*  At the final step, the Commissioner reviews the claimant's RFC, age, education and work experiences, and determines whether the claimant could adjust to other work.  *Id.*  The claimant bears the burden of

---

[1] Sections 1520(a)(4) and 920(a)(4), which pertain to DIB and SSI respectively, list the same five-step analysis.

[2] A severe impairment is one that "significantly limits [the claimant's] physical or mental ability to do basic work activities."  § 1520(c); § 920(c).

proof throughout the first four steps, but the burden shifts to the

Commissioner if the fifth step is reached.  *Preslar v. Sec'y of Health &*

*Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

Applying this framework, the ALJ concluded that Mason was not

disabled.  At the first step, he found that Mason had not engaged in

substantial gainful activity since his alleged onset date.  [ECF No. 7-2,

PageID.40].  At the second step, he found that Mason had the severe

impairment of status-post multiple left knee injuries and surgeries.  [*Id.*]

Next, the ALJ concluded that none of his impairments, either alone or in

combination, met or medically equaled the severity of a listed impairment.

[*Id.*, PageID.40-41].

Between the third and fourth steps, the ALJ found that Mason had the

RFC to perform light work[3] except:

> [S]tanding and walking is limited to fifteen minutes at one
> time and limited to two hours per day; he requires the use of a
> cane in his non-dominant hand when standing or walking more

---

[3] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.  To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.  If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time."  20 C.F.R. §§ 404.1567(b) and 416.967(b).

than fifteen minutes; he can sit two hours at a time with no limitation on the number of hours he can sit during a normal workday; no climbing of ladders, ropes, scaffolds, ramps, or stairs; he can occasionally balance with the use of a cane; no kneeling or crawling; no more than occasional stooping or crouching; no manipulative limitations except for when standing walking more than fifteen minutes a cane is required in the non-dominant hand (thus he would have no ability to use his nondominant hand for manipulative functions); no exposure to unprotected heights; no more than occasional work around fast-moving mechanical parts; no more than occasional operation of a motor vehicle; he is limited to simple, routine, repetitive tasks and he will be off-task ten percent of the workday.

[ECF No. 7-2, PageID.41].  At step four, the ALJ found that Mason could

not perform past relevant work as a roofer.  [*Id.*, PageID.45].  But after

considering Mason's age, education, work experience, RFC and the

testimony of the VE, the ALJ found that he could perform other jobs in the

national economy, including as a cashier, support clerk and sorter.  [*Id.*,

PageID.46].

## II.   ANALYSIS

### A.

Under § 405(g), this Court's review is limited to determining whether

the Commissioner's decision is supported by substantial evidence and was

made in conformity with proper legal standards.  *Gentry v. Comm'r of Soc.*

*Sec.*, 741 F.3d 708, 722 (6th Cir. 2014).  Substantial evidence is "more

than a scintilla of evidence but less than a preponderance; it is such

relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (internal quotation marks and citation omitted). Only the evidence in the record below may be considered when determining whether the ALJ's decision is supported by substantial evidence. *Bass v. McMahon*, 499 F.3d 506, 513 (6th Cir. 2007).

For the reasons below, the Court rejects Mason's claims of error.

**B.**

Mason challenges the ALJ's assessment of his RFC. The ALJ found that Mason had the RFC "for a limited range of light work" because of his limited ability to stand and walk for two hours per work day. [*See* EFC No. 7-2, PageID.41, 45]. The ALJ also found that Mason required the use of a cane in his non-dominant hand when standing or walking for more than fifteen minutes. [*Id.*, PageID.41]. The ALJ placed no limitations on the manipulative functions of Mason's non-dominant hand except when he stood or walked for longer than fifteen minutes. [*Id.*].

Mason objects that his ability to stand for only two hours out of an eight-hour work day is "the very definition of sedentary," not light work. [ECF No. 13, PageID.933]. He notes that sedentary jobs require occasional walking and standing—"no more than about 2 hours of an 8-

6

hour workday." [ECF No. 13, PageID.933 (citing SSR 96-9p, 1996 WL 362208)]. Light work, in contrast, requires a good deal of walking or standing, and thus "must be more than occasionally." [*Id.*]. The ALJ posed a hypothetical to the VE that mirrored the assessed RFC. [ECF No. 7-2, PageID.87-88]. According to Mason, "[i]n essence, the ALJ asked the VE what light jobs are available at the sedentary level," which "is confusing and not allowed under the administration's rules." [*Id.*, PageID.938]. He cites no authority to support his argument that the RFC or the hypothetical question were impermissible or amount to reversible error.

The Commissioner responds, correctly, that the applicable regulations recognize "that claimants may perform light work from a seated position and/or have different exertional limitations that fit between the work categories." [ECF No. 15, PageID.952]. The rules recognize that claimants with no limitations in their upper extremities may perform light work jobs at a seated position. SSR 83-10, 1983 WL 31251, at *5 (1983) ("A job is also in [the light work] category when it involves sitting most of the time but with some pushing and pulling of arm-hand or leg-foot controls, which require greater exertion than in sedentary work.").

And the Sixth Circuit has rejected the suggestion "that there is an either/or dichotomy between light work and sedentary work." *Blankenship*

7

*v. Comm'r of Soc. Sec.*, 624 F. App'x 419, 429 (6th Cir. 2015).  The court

approved of a limited light work RFC with "an ability to stand and walk for

only two hours in an eight-hour work day, and the ability to alternate

between sitting and standing at will," but "excluding operation of foot

controls and avoiding climbing, kneeling, or stooping."  *Id.*  And the

*Blankenship* court rejected the claimant's argument that the hypothetical

question to the VE was inaccurate because it assumed a limited range of

light work.  *Id.*  The court noted that the claimant neither fully addressed the

limitations in the hypothetical nor disputed the VE's testimony that jobs

existed that she could perform.  *Id.*; *see also Barron-Green v. Comm'r of*

*Soc. Sec.*, No. 1:18 CV 1705, 2019 WL 4194142, at *7 (N.D. Ohio Sept. 4,

2019) (affirming decision when ALJ accurately accounted for plaintiff's

lower body ailments in the hypothetical posed to the VE, and the VE

testified there were jobs in the national economy the plaintiff could

perform).

Here, Mason makes no effort to show that he has greater limitations

than those described in the RFC and the hypothetical.  He also does not

dispute the VE's testimony that he could perform work with that RFC.

Mason's claim of error lacks merit.

**C.**

Mason also challenges the ALJ's decision by arguing that his impairment "effectively" equals Listing 1.03.  [ECF No. 13, PageID.937]. When finding that Mason's impairment did not meet or equal that listing, the ALJ reasoned in part that Mason's representative did not argue that he met or equaled a listing.  [ECF No. 7-2, PageID.41].  That assertion is supported by the record of the hearing before the ALJ.  [*Id.*, PageID.56].

Under the same circumstances, the Sixth Circuit has held that the claimant cannot raise the listing issue on appeal.  "Price did not refer to this listing before the ALJ, and consequently there is nothing for this court to review."  *Price v. Sec'y of Health & Human Servs.*, 61 F.3d 904, 1995 WL 413428, at *2 (6th Cir. 1995) (unpublished).  *See also Motin v. Comm'r of Soc. Sec.*, No. 09-CV-13354, 2010 WL 1754871, at *8 (E.D. Mich. Apr. 6, 2010), *adopted*, No. 09-13354, 2010 WL 1754821 (E.D. Mich. Apr. 30, 2010) (collecting cases stating that the failure to raise an issue in the application or before the ALJ waives the issue).

The Court notes that, in the representative's brief, Mason's attorney requested consideration of whether his impairment met or equaled Listing 1.02.  [ECF No. 7-6, PageID.288].  But when the ALJ asked the attorney about her listing argument, she responded, "[W]e considered listing 1.02.

9

But we did not state that he meets that listing."  [ECF No. 7-2, PageID.56].

It does not appear that Mason's counsel ever mentioned that he might

meet or equal Listing 1.03.  Mason has waived his argument that his

impairment equals that listing.

Mason's argument that the ALJ erred finding that his impairment did

not equal Listing 1.03 also lacks merit.  Mason bears the burden of proving

he meets this listing.  *Preslar*, 14 F.3d at 1110.  Listing 1.03 applies to

claimants who have had "[r]econstructive surgery or surgical arthrodesis of

a major weight-bearing joint, with inability to ambulate effectively, as

defined in 1.00B2b, and return to effective ambulation did not occur, or is

not expected to occur, within 12 months of onset."  20 C.F.R. § Pt. 404,

Subpt. P, App. 1, § 1.03.  Under § 1.00B2b, the inability to ambulate

effectively is defined as "an extreme limitation of the ability to walk" that

"interferes very seriously with the individual's ability to independently

initiate, sustain, or complete activities."  20 C.F.R. Pt. 404, Subpt. P, App.

1, § 1.00B2b.  Ineffective ambulation means that lower extremity

functioning is so insufficient that required hand-held assistive devices limit

the functioning of both upper extremities.  *Id.*

Examples of ineffective ambulation include "the inability to walk

without the use of a walker, two crutches or two canes" and "the inability to

carry out routine ambulatory activities, such as shopping and banking, and the inability to climb a few steps at a reasonable pace with the use of a single hand rail." *Id.* Thus, a claimant cannot satisfy Listing 1.03 when "the use of a single cane" to ambulate does not limit the use of both upper extremities. *Collins v. Comm'r of Soc. Sec.*, No. 18-12401, 2019 WL 3421696, at *5 (E.D. Mich. June 30, 2019), *adopted*, No. 18-12401, 2019 WL 3412744 (E.D. Mich. July 29, 2019) (collecting cases).

In support of his listing argument, Mason states that he had five surgeries to his left knee; his use of a cane was medically necessary; he still ambulated with a limp; he could not do heel to toe walking; and he had difficulty placing full weight on his left knee.  [ECF No. 13, PageID.937].  He makes no attempt to show that his use of a cane limited the function of both upper extremities.

Nor does the record support Mason's claim that his impairment equals Listing 1.03.  A December 5, 2017 medical report states that Mason could "ambulate with the use of a standard cane" and "[h]e is independent with his basic and advanced activities of daily living."  [ECF No. 7-10, 894-895].  And according to an August 9, 2016 medical report, Mason had "[i]mproved strength and symptoms.  Uses cane for security but improved strength."  [ECF No. 7-7, PageID.503, 788].

11

In his function report, Mason stated he uses the cane for "balance and support," and he could "lift about 30 pounds."  [ECF No. 7-6, PageId.228-229].  He lived "alone in a two story home with four steps to enter."  [ECF No. 7-10, PageID.894].  Mason testified that he watches television every day, which is located on the second floor of his home, while his bedroom is on the first floor.  [ECF 7-2, PageID.67].  He does his daily exercises during commercial breaks—ten squats and back and knee stretches [*Id.*, PageID.72-74].  He also stated that he sometimes takes the bus to the grocery store, [*Id.*, PageID.69], and walks his "pretty big," "pretty strong dog" on a leash around the block daily [*Id.*, PageID.77-78].  Mason could prepare his own meals and shop for "[g]roceries and household items."  [ECF No. 7-6, PageID.226-227].  The record refutes Mason's argument that he has an extreme limitation in ambulation as defined by Listing 1.03.

In summary, Mason waived his Listing 1.03 argument, and he fails to sustain his burden of showing that his impairment meets or equals the listing.

### D.

In his response to the Commissioner's cross motion for summary judgment, Mason argues for the first time that the VE's testimony conflicts

with the Dictionary of Occupational Titles (DOT), and that the ALJ had a duty to "elicit a reasonable explanation for the conflict."  [ECF No. 16, PageID.968-70 (citing SSR 00-4P, 2000 WL 1898704 (S.S.A. Dec. 4, 2000))].  The Court reject's these arguments because Mason did not raise them at any point before the ALJ's decision.

"The Court of Appeals for the Sixth Circuit and many other courts have generally concluded that a plaintiff's failure to object to testimony offered by a vocational expert at the time of the administrative proceeding waives his or her right to raise such issues in the district court." *Stevens v. Comm'r of Soc. Sec.*, No. 2:14-CV-2186, 2016 WL 692546, at *11 (S.D. Ohio Feb. 22, 2016), *adopted,* 2016 WL 1156518 (S.D. Ohio Mar. 24, 2016) (collecting cases); *see also McCarley v. Berryhill*, No. 16-CV-14036, 2018 WL 1477668, at *2 (E.D. Mich. Mar. 27, 2018) (finding waiver because "the hearing record does not indicate that plaintiff's counsel objected at any time to the vocational expert's testimony, nor did plaintiff's counsel suggest that it conflicted with the DOT.").

Here, the VE testified that there were "[n]o conflicts" between her testimony and the DOT.  [ECF No. 7-2, PageID.89].  Counsel for Mason neither objected nor cross-examined the VE.  [*Id.*].  The Court finds that Mason waived any objection to the alleged conflict between the VE's

13

testimony and the DOT.  And even if Mason had preserved his objection, it lacks merit.  *Wright v. Massanari*, 321 F.3d 611, 616 (6th Cir. 2003) ("[T]he ALJ and consulting vocational experts are not bound by the Dictionary in making disability determinations because the Social Security regulations do not obligate them to rely on the Dictionary's definitions.").

**E.**

Mason raises other objections to the ALJ's decision without citing the record or developing the arguments.  First, Mason states the ALJ did not mention his "back pain or arthritis in either a severe or non-severe capacity."[4]  [ECF No. 13, PageID.937].  Next, he states the "ALJ's RFC is not supported by the evidence" and "is not consistent with what the Social Security Administration defines as light and sedentary work."  [ECF No. 13, PageID.938].  And in the last paragraph, Mason asserts the ALJ's decision

---

[4] Contrary to his assertions, the ALJ noted that Mason attributed his back pain to "his left knee impairment and the tendency to compensate for such has resulted in some back pain," [ECF No. 7-2, PageID.42 n.1], but ultimately finding the "record does not evidence a severe back impairment" [*Id.*, PageID.45].  A "claimant must point to specific evidence that demonstrates he reasonably could meet or equal every requirement of the listing…. Absent such evidence, the ALJ does not commit reversible error by failing to evaluate a listing at Step Three." *Smith-Johnson v. Comm'r of Soc. Sec.*, 579 Fed. Appx. 426, 433 (6th Cir. 2014); s*ee also Geer v. Comm'r of Soc. Sec.*, 2019 WL 1503132, at *4 (E.D. Mich. Feb. 6, 2019).  Mason does not point to anything in the record to show he meets any listing for his alleged back pain or arthritis.

is unsupported by substantial evidence as required by the law.  [*Id.*, PageID.939].

It is not the Court's role to develop these arguments for Mason. *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) (a party cannot leave it to the court to put flesh on the bones of an insufficiently developed argument).  Courts in this circuit routinely decline to review issues "adverted to in a perfunctory manner, unaccompanied by some effort at developed argument."  *Id.*  The Court finds that these arguments are cursorily made at best, and are waived.

### III.   CONCLUSION

For the reasons stated above, the Court **RECOMMENDS** that Mason's amended motion for summary judgment [ECF No. 13] be **DENIED**; that the Commissioner's motion [ECF No. 15] be **GRANTED**; and the ALJ's decision be **AFFIRMED** under sentence four of 42 U.S.C. § 405(g).


                                        s/Elizabeth A. Stafford
                                        ELIZABETH A. STAFFORD
Dated: October 4, 2019                  United States Magistrate Judge

## <u>NOTICE TO THE PARTIES REGARDING OBJECTIONS</u>

Either party to this action may object to and seek review of this

Report and Recommendation, but must act within fourteen days of service

of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ.

P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any

further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v.*

*Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*,

638 F.2d 947 (6th Cir. 1981).  Filing objections which raise some issues but

fail to raise others with specificity will not preserve all objections that party

might have to this Report and Recommendation.  *Willis v. Secretary of*

*HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers*

*Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  A copy of any objection

must be served upon this Magistrate Judge.  E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2,"

etc., and **must specify** precisely the provision of this Report and

Recommendation to which it pertains.  Not later than fourteen days after

service of objections, **the non-objecting party must file a response** to

the objections, specifically addressing each issue raised in the objections in

the same order and labeled as "Response to Objection #1," "Response to

Objection #2," etc.  The response must be **concise and proportionate in**

16

**length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 4, 2019.

s/Marlena Williams
MARLENA WILLIAMS
Case Manager